UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUKASZ GOTTWALD, ET AL.,

       Plaintiffs,

v.                                                            Case No.  8:11-cv-447-T-24 AEP

DAVID M. BELLAMY, ET AL.,

       Defendants.

_____/

## ORDER

     This cause comes before the Court on two motions: (1) Defendants' Motion to Dismiss

(Doc. No. 22), which Plaintiffs oppose (Doc. No. 29); and (2) Defendants' Motion to Stay

Discovery (Doc. No. 26), which Plaintiffs oppose (Doc. No. 28).

## I.  Background

     Plaintiffs allege the following in their complaint (Doc. No. 1): Plaintiffs are songwriters,

musicians, and producers in the entertainment business.  They are the co-authors of the music

and lyrics of the song, "Hold It Against Me," which was recorded by Brittany Spears and

released in January of 2011.  Defendants David Bellamy and Homer Bellamy ("the Bellamy

Brothers") are a country music duo that recorded the song, "If I Said You Had A Beautiful Body

Would You Hold It Against Me?," which was released in 1979.

     According to Plaintiffs, the Bellamy Brothers have launched a campaign in which they

assert that Plaintiffs' song infringes their copyrighted song.  Specifically, the Bellamy Brothers

have a website that asserts that the two songs are similar and contains the following statements:

> This isn't the first time [Plaintiffs Max Martin and Dr. Luke] have been accused
> of copyright infringement.  Dr. Luke was sued in 2007 for copyright infringement
> . . . for "lifting" portions of Avril's hit song "Girlfriend."  The suit subsequently

settled in 2008.  There is also a current Katy Perry song . . . called "California Gurls" produced and co-written by Dr. Luke and Max Martin . . . where the Beach Boys' record label has filed a diminutive claim against the writers and publishers of the song for credit and royalties. Dr. Luke was party to yet another copyright infringement suit in 2008 for the song "Feels Like Tonight" by Daughtry. Although this is not conclusive evidence that Dr. Luke intentionally lifted a phrase from a Bellamy Brothers song, it certainly shows a possible pattern and warrants a more serious look into the matter.

(Doc. No. 22, Ex. C; Doc. No. 30, Ex. A).

Plaintiff Lukasz Gottwald, who is publically known as Dr. Luke, asserts that these statements on the Bellamy Brothers' website strongly imply that there is evidence of a pattern of copyright infringement by him.  Furthermore, he points out that the website omits a critically important fact–that he was exonerated from the claims of copyright infringement–and due to such omission, the reader is led to believe that he engaged in a pattern of copyright infringement. Specifically, he points out that the plaintiffs that claimed infringement for the song, "Girlfriend," issued a public release stating: "We are satisfied that any similarities between the two songs resulted from Avril and [Dr.] Luke's use of certain common and widely used lyrics.  We therefore completely exonerate Avril and [Dr.] Luke from any wrongdoing of any kind in connection with the claims made by us in our lawsuit."  Likewise, with respect to the song, "Feels Like Tonight," the parties in that lawsuit issued a publically available stipulation that acknowledges that the songs "were each created independently of each other without copying or wrongdoing."

As a result, Plaintiffs assert two claims against Defendants.  First, Plaintiffs assert a claim for declaratory relief, in which they request that the Court declare whether Plaintiffs' song

infringes Defendants' song.[1]  Second, Plaintiff Lukasz Gottwald asserts a defamation claim against the Bellamy Brothers relating to the statements on their website that strongly imply that there is evidence of a pattern of copyright infringement by him.

## II.  Motion to Dismiss

In response to the complaint, Defendants filed the instant motion to dismiss, in which they argue that both counts should be dismissed.  Accordingly, the Court will analyze each count.

### A.  Declaratory Relief

In the first count of the complaint, Plaintiffs request that the Court declare whether Plaintiffs' song infringes Defendants' song.  Defendants move to dismiss this claim, arguing that the Court lacks subject matter jurisdiction over it.  Specifically, Defendants argue that there is no case or controversy present, because Plaintiffs have not alleged a real and immediate threat of a copyright infringement suit being filed against them.  Defendants base their argument on Plaintiffs' allegation in the complaint that the website statements are a "transparent publicity stunt," and as such, Defendants argue that Plaintiffs are not actually in fear of a lawsuit.

The Supreme Court has set forth the following regarding when declaratory judgment actions satisfy the case or controversy requirement:

> Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon

---

[1]This claim is asserted by all of the plaintiffs against David Bellamy and Bellamy Brothers Music.  Thus, it appears that Homer Bellamy is not a defendant as to the claim for declaratory relief.

a hypothetical state of facts. . . . Basically, the question in each case is whether
the facts alleged, under all the circumstances, show that there is a substantial
controversy, between parties having adverse legal interests, of sufficient
immediacy and reality to warrant the issuance of a declaratory judgment.

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)(internal quotation marks and

citations omitted).

Plaintiffs respond that the statements on Defendants' website gave them a reasonable

apprehension that Defendants were going to file suit against them.  Plaintiffs point to the

statements of the Bellamy Brothers' attorney, Christopher Schmidt, that were posted on the

website and which led to Plaintiffs filing this suit.  Specifically, Schmidt stated that: (1) David

Bellamy asked him for a legal opinion regarding whether Plaintiffs' song infringed Defendants'

song; (2) since Schmidt is a transactional attorney, he brought in "heavyweight[]" attorney

Richard Busch (who had won multi-million dollar copyright lawsuits) to help him evaluate the

case; and (3) Busch submitted Plaintiffs' and Defendants' songs to a renowned musicologist for

evaluation and an expert opinion.

The Court agrees with Plaintiffs that these statements on Defendants' website were

sufficient to give them a reasonable apprehension of suit, because the statements show a

preparedness and willingness of Defendants to enforce their rights.  Geltech Solutions, Inc. v.

Marteal, Ltd., 2010 WL 1791423, at *3 (S.D. Fla. May 5, 2010)(citation omitted).  Therefore, the

Court finds that an actual case or controversy is present, and as such, Defendants' motion to

dismiss this claim must be denied.

**B.  Defamation**

In the second count of the complaint, Plaintiff Lukasz Gottwald asserts a defamation

claim against the Bellamy Brothers relating to the statements on their website that strongly imply

4

that there is evidence of a pattern of copyright infringement by him.  Defendants argue that this claim should be dismissed, because he fails to sufficiently allege the elements of a defamation claim.

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citation omitted).  Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. at 1965 (citation omitted).

Under Florida law, the elements of a defamation claim are: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public [figure], or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory."  Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008)(citation omitted).  Defendants argue that Gottwald has not adequately alleged a defamation claim, because the statements at issue are either literally true or an opinion, and the statements as a whole were not made with reckless disregard or malice.  As explained below, the Court rejects these arguments and finds that dismissal of this claim is not warranted.

Defendants argue that the statements about prior copyright infringement lawsuits filed against Gottwald are literally true, and as such, they cannot support a defamation claim.

However, Gottwald is not arguing that those statements themselves are defamatory.  Instead, Gottwald argues that publishing those statements, while omitting the facts that the plaintiffs in those cases publically stated that he did not infringe their songs, constitutes defamation by implication.  Under Florida law, "literally true statements can be defamatory where they create a false impression" if the defendant "creates a defamatory implication by omitting facts."  Id. at 1106, 1108 (citation omitted).  The statements on the website strongly imply that there is evidence of a pattern of copyright infringement by Gottwald, because the website omits the facts that the plaintiffs in those cases publically stated that he did not infringe their songs.  Accordingly, the Court rejects Defendants' argument that dismissal of this claim is warranted because the statements at issue are literally true.

Next, Defendants argues that their statement regarding a pattern of infringement–"Although this is not conclusive evidence that Dr. Luke intentionally lifted a phrase from a Bellamy Brothers song, it certainly shows a possible pattern and warrants a more serious look into the matter"–is simply an opinion, and as such, it cannot support a defamation claim.  While Defendants are correct that statements of pure opinion cannot support a defamation claim, see Scott v. Busch, 907 So. 2d 662, 668 (Fla. 5th DCA 2005), the Court concludes that the statement at issue may not be pure opinion.   A statement of "'mixed opinion,' which is based on undisclosed facts that infer the plaintiff has committed an illegal act, or one that damages his or her business reputation, is actionable."  Id. (citation omitted).  Additionally, courts have recognized that "'[e]ven if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact.  Simply couching such statements in terms of opinion

6

does not dispel these implications." <u>LRX, Inc. v. Horizon Associates Joint Venture ex rel.</u>

<u>Horizon-ANF, Inc.</u>, 842 So. 2d 881, 885 (Fla. 4th DCA 2003)(quoting <u>Milkovich v. Lorain</u>

<u>Journal Co.</u>, 497 U.S. 1, 18-19 (1990)).  Accordingly, the Court rejects Defendants' argument

that dismissal of this claim is warranted because the statement at issue is an opinion.

 Likewise, the Court rejects Defendants' argument that Gottwald has failed to adequately

plead that the statements were made with reckless disregard or malice.[2]  Throughout the

complaint, Gottwald alleges that Defendants intentionally chose to omit publically available

facts and that they did so with malice and/or reckless disregard for the truth.

### III.  Motion to Stay Discovery

 In this motion, Defendants ask that the Court stay discover and defer entering a

scheduling order until the Court rules on the motion to dismiss.  Since the Court has ruled on the

motion to dismiss, the Court denies this motion as moot.  The parties are directed to file a joint

case management report by June 29, 2011.  If the parties fail to do so, the Court will set the

deadlines in this case based on the unilateral case management report that was filed by Plaintiffs

(Doc. No. 25).

### IV.  Conclusion

 Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendants' Motion to Dismiss (Doc. No. 22) is **DENIED**.

(2) Defendants' Motion to Stay Discovery (Doc. No. 26) is **DENIED AS MOOT**.

---

[2]The Court notes that Gottwald does not concede that he is a public figure, which would require him to prove that the statements were made with reckless disregard or malice.  However, he contends that he has sufficiently alleged in the complaint that the statements were made with reckless disregard or malice.  Therefore, the Court will assume for the purpose of this motion that he is a public figure, and the Court will review his defamation claim accordingly.

(3)     The parties are directed to file a joint case management report by June 29, 2011.

If the parties fail to do so, the Court will set the deadlines in this case based on the

unilateral case management report that was filed by Plaintiffs (Doc. No. 25).

**DONE AND ORDERED** at Tampa, Florida, this 15th day of June, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record